

# The Attorney General of Texas

March 7, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78205

Opinion No. MW-2

Re: Whether the Bexar County Clerk may consolidate minute books of the Bexar County Courts at Law

Dear Mr. White:

You have requested an opinion regarding the keeping of minutes for the county courts at law by the county clerk. You have asked whether the county clerk may consolidate the minutes for the six Bexar County Courts at Law into two books, one for all civil matters and the other for criminal cases. The minute books contain the final dispositions of the cases.

Article 1941(a), V.T.C.S., authorizes the county clerk to adopt and use exclusively the provisions contained therein relating to microfilming of public records. Section 2(b) requires that there be seven classes or types of records maintained on microfilm. All records "relating or incidental to matters in county civil courts" are consolidated in one class, section 2(b)(4), and all matters relating to the criminal courts are in another class, section 2(b)(5). Thus, we believe that under article 1941(a) the county clerk is permitted to consolidate separately the minutes of the criminal and civil courts.

If the county clerk is not operating under article 1941(a), his duties concerning record keeping are more generally set out in articles 1941 to 1945, V.T.C.S.

Art. 1941.

They shall be ex-officio recorders for their several counties, and as such shall record in suitable books to be procured for that purpose all deeds, mortgages and other instruments required or permitted by law to be recorded; they shall be the keepers of such record books, and shall keep the same properly indexed, arranged and preserved.

Art. 1942.

They shall be keepers of the records, books, papers and proceedings of their respective courts in civil and criminal cases and in matters of probate, and see that the same are properly indexed, arranged and preserved, and shall perform such other duties in that behalf as may be by law imposed on them.

Art. 1943.

They shall keep a fair record of all the acts done and proceedings had in their respective courts, and enter all judgments of the court, under the direction of the judge, and shall keep a record of each execution issued, and of the returns thereon.

Art. 1944.

They shall provide and keep in their respective offices, as part of the records thereof, full and complete alphabetical indexes of the names of the parties to all suits filed in their courts, which indexes shall be kept in well bound books, and shall state in full the names of all the parties to such suits, which shall be indexed and cross indexed, so as to show the name of each party under the proper letter; and a reference shall be made opposite each name to the page of the minute book upon which is entered the judgment in each case.

Art. 1945.

The clerk shall keep such other dockets, books and indexes as may be required by law; and all books, records and filed papers belonging to the office of county clerks shall at all reasonable times be open to the inspection and examination of any citizen, who shall have the right to make copies of the same.

We are aware that district clerks have received specific authority in article 1899b, V.T.C.S., to perform similar consolidation; however, we believe that the statutes relating to the duties of the county clerk, when read in their entirety, permit the county clerk to consolidate the minutes of the various county courts. Thus, so long as the county clerk is exercising his reasonable discretion in properly indexing, arranging and preserving the public records so that they are accessible for public inspection, we believe that the clerk may separately consolidate the minutes of the civil and criminal courts even if the county has not adopted article 1941(a).

## SUMMARY

The minutes for criminal and civil books may be separately consolidated by the county clerk.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Scott Garrison
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood